LOEB & LOEB LLP
Daniel B. Besikof
345 Park Avenue
New York, New York 10154
Telephone: 212-407-4000
E-mail: dbesikof@loeb.com

*Attorneys for Defendants Broadway Video*
*Entertainment, Inc. and Lorne Michaels*

**IN THE UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In Re:<br><br>KENNETH IRA STARR, *et al.*,<br><br>　　　　　　　　Debtor.<br><br><br>ROBERT L. GELTZER, as Trustee of the Estate of KENNETH IRA STARR, *et al.*,<br><br>　　　　　　　　Plaintiff,<br><br>　　　　v.<br><br>BROADWAY VIDEO and LORNE MICHAELS<br><br>　　　　　　　　Defendants. | Case No. 11-10219-CGM<br><br>Chapter 7<br>Jointly Administered<br>Substantively Consolidated<br><br><br><br><br><br>ADV. PRO. NO. 14-02400-CGM |

**DEFENDANTS' ANSWER TO THE COMPLAINT**
**<u>FOR TURNOVER OF ESTATE PROPERTY</u>**

　　　　Defendants Broadway Video Entertainment, Inc. ("Broadway") and Lorne Michaels

(together with Broadway, the "Defendants"), as and for their answer to the complaint (the

"Complaint")[1] filed against them in this case by Plaintiff Robert L. Geltzer ("Plaintiff" or

---

　　　　[1] Capitalized terms used but not defined herein, if any, shall have the meanings ascribed to such terms in the Complaint.

"Trustee"), as Trustee for the Estate of Kenneth Ira Starr, *et al.* (the "Debtors"),[2] state to the Court as follows:

## THE PARTIES

1. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 1, and on that basis deny the allegations.

2. Defendants admit that Broadway Video Entertainment, Inc. is a corporation with places of business at 30 Rockefeller Plaza, 54th Floor, New York, New York 10112; 1619 Broadway, New York, New York 10019; and 9401 Wilshire Boulevard, Beverly Hills, California 90212.

3. Defendants admit the allegations set forth in paragraph 3.

## JURISDICTION AND VENUE

4. Defendants state that the allegations of paragraph 4 are legal conclusions or arguments as to which no response is required. To the extent a response is required, Defendants (i) deny the allegations contained in paragraph 4, (ii) deny that the Bankruptcy Court has the constitutional authority to enter a final judgment in this adversary proceeding, (iii) expressly do not consent to the Bankruptcy Court's jurisdiction over non-core matters, (iv) expressly do not consent to the entry of final orders or judgments by the Bankruptcy Court if it is determined that the Bankruptcy Court cannot enter final orders or judgments consistent with Article III of the U.S. Constitution, and (v) reserve the right to seek withdrawal of the reference of some or all of this matter to the District Court.

---

[2] Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations of footnote 1, and on that basis deny the allegations. Defendants further deny that they owe any money to the Trustee or the Debtors' estate under any legal, equitable or other theory.

5. Defendants state that the allegations of paragraph 5 are legal conclusions or arguments as to which no response is required. To the extent a response is required, Defendants (i) deny the allegations contained in paragraph 5, (ii) deny that the Bankruptcy Court has the constitutional authority to enter a final judgment in this adversary proceeding, (iii) expressly do not consent to the Bankruptcy Court's jurisdiction over non-core matters, (iv) expressly do not consent to the entry of final orders or judgments by the Bankruptcy Court if it is determined that the Bankruptcy Court cannot enter final orders or judgments consistent with Article III of the U.S. Constitution, and (v) reserve the right to seek withdrawal of the reference of some or all of this matter to the District Court.

6. Defendant state that the allegations of paragraph 6 are legal conclusions or arguments as to which no response is required. To the extent a response is required, Defendants (i) deny the allegations of paragraph 6, (ii) deny that they are liable to the Trustee for any amounts under any legal, equitable or other theory, and (iii) deny that they hold any property of the Debtors' estate that is subject to turnover.

7. Defendants state that the allegations of paragraph 7 are legal conclusions or arguments as to which no response is required. To the extent a response is required, Defendants admit the allegations contained in paragraph 7.

## BACKGROUND

8. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 8, and on that basis deny the allegations.

9. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 9, and on that basis deny the allegations.

10. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 10, and on that basis deny the allegations.

NY1327348.1
221186-10004

11. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 11, and on that basis deny the allegations.

12. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 12, and on that basis deny the allegations.

13. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 13, and on that basis deny the allegations.

14. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 14, and on that basis deny the allegations.

15. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 15, and on that basis deny the allegations.

16. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 16, and on that basis deny the allegations.

## CLAIM FOR RELIEF

17. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 17, and on that basis deny the allegations, except admit that the Trustee has demanded payment of certain amounts from one or both Defendants.

18. Defendants deny the allegations of paragraph 18, except admit that one or both Defendants did respond to the Trustee's demands for payment of certain amounts.

19. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 19, and on that basis deny the allegations. Defendants further deny that they owe any amounts to the Trustee under any theory of liability, whether legal, equitable or otherwise.

NY1327348.1
221186-10004

20. Defendant state that the allegations of paragraph 20 are legal conclusions or arguments as to which no response is required. To the extent a response is required, Defendants deny the allegations contained in paragraph 20.

21. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 21, and on that basis deny the allegations.

22. Defendant state that the allegations of paragraph 22 are legal conclusions or arguments as to which no response is required. To the extent a response is required, Defendants deny the allegations contained in paragraph 22.

## RESPONSE TO PRAYER FOR RELIEF

23. Defendants assert that the items contained in the prayer for relief constitute legal conclusions or arguments as to which no response is required. To the extent any response is required, Defendants deny, *inter alia*, (i) that judgment should be entered in favor of the Trustee against either Defendant, (ii) that the Trustee is entitled to interest, reasonable attorney's fees or costs, and (iii) that the Trustee is entitled to any other relief against either Defendant.

## DEFENSES

Defendants assert the following affirmative defenses and reserve the right to amend this Answer to assert other and further defenses when and if, in the course of its investigation, discovery, or preparation for trial it becomes appropriate. By designating these matters as "defenses," Defendants do not relieve the Trustee of proving under the appropriate standard of proof all elements of any claim alleged. Defendants do not undertake any burdens that properly rest upon the Trustee, and do not suggest either that the Trustee does not bear the burden of proof as to such matters or that such matters are not elements that he must establish in order to make out a *prima facie* case against Defendants.

NY1327348.1
221186-10004

Defendants reserve and assert all affirmative defenses available under applicable federal or state law, including Federal Rules of Bankruptcy Procedure, Federal Rules of Civil Procedure and applicable non-bankruptcy law, and reserve the right to assert other defenses, cross-claims, and third party claims when and if they become appropriate in this action.

These defenses are set forth cumulatively and in the alternative.

### FIRST DEFENSE

24.  The Complaint fails to state a claim against Defendants upon which relief may be granted.

### SECOND DEFENSE

25.  The Complaint violates Rules 8(a)(2) and 9(b) of the Federal Rules of Civil Procedure, *Ashcroft v. Iqbal,* 129 S. Ct. 1937 (2009), and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) by, *inter alia*, failing to describe the nature of the indebtedness owed to the Trustee, the date on which such indebtedness came due, the consideration provided by the Debtors in respect of such indebtedness, the legal basis on which any amounts are purportedly owed by Defendants to the Trustee or any other information that would suggest that the Trustee asserts a plausible claim for relief against Defendants.

### THIRD DEFENSE

26.  This Court lacks jurisdiction over the final adjudication of the claims asserted in the Complaint under *Stern v. Marshall*, 131 S. Ct. 2594 (2011), and its progeny.  The asserted claims are not core proceedings and Defendants do not consent to the entry of a final order and judgment by the Bankruptcy Court.

### FOURTH DEFENSE

27.  The claims against Defendants fail for lack of personal jurisdiction.

**FIFTH DEFENSE**

28.     The Trustee lacks standing, in whole or in part, to bring the claims asserted.

**SIXTH DEFENSE**

29.     The Bankruptcy Court lacks jurisdiction over this action and the funds sought to be recovered by the Trustee because the funds are the subject of a disputed non-core claim. "[U]nless and until [such] Debtor's claims . . . are liquidated in a court of competent jurisdiction . . . they cannot be enforced here through a turnover order." *In re Satelco, Inc.*, 58 B.R. 781, 786 (Bankr. N.D. Tex. 1986); *see also In re Theobald Indus., Inc.*, 53 B.R. 506, 508 (Bankr. D.N.J. 1984) (Section 542(b) does not apply to debt that had yet to be fixed by judgment, since such debt was not yet "matured" for purposes of Section 542(b)).

**SEVENTH DEFENSE**

30.     Turnover of the funds at issue in this law suit is inappropriate under Section 541, 542 or otherwise because such funds are not property of the Debtors' estate.

**EIGHTH DEFENSE**

31.     Turnover of the funds at issue in this law suit is inappropriate under Section 541, 542 or otherwise because there is a question as to the liability of Defendants to the Trustee in respect of such funds, and "[i]t is settled law that the debtor cannot use the turnover provisions to liquidate contract disputes or otherwise demand assets whose title is in dispute." *U.S. v. Inslaw, Inc.*, 932 F.2d 1467, 1472 (Fed. Cir. 1991); *see*, *e.g.*, In *re Mason*, 386 B.R. 715, 721 (Bankr. N.D. Ill. 2008) (Turnover is "[n]ot intended as a remedy to determine disputed rights of parties to property; rather it is intended as a remedy to obtain what is acknowledged to be property of the estate.")

7

## NINTH DEFENSE

32. The Trustee's claims are barred, in whole or in part, by the Debtors' breach of their covenant of good faith and fair dealing.

## TENTH DEFENSE

33. The Trustee's claims are barred, in whole or in part, by the Debtors' material breach of their own representations, agreements, duties and/or obligations owed to Defendants.

## ELEVENTH DEFENSE

34. The Trustee's claims are barred, in whole or in part, because any relationship between the Debtors and Defendants had been terminated prior to any purported incurrence of the amounts claimed by the Trustee.

## TWELFTH DEFENSE

35. The Trustee's claims are barred, in whole or in part, as a result of the Debtors' failure to perform or satisfy one or more of the conditions precedent to any payment obligation by Defendants.

## THIRTEENTH DEFENSE

36. The Trustee's claims are barred, in whole or in part, because Debtors performed no services for Defendants and provided no other consideration to Defendants in exchange for the amounts claimed by the Trustee. The Trustee's claims fail for lack of consideration.

## FOURTEENTH DEFENSE

37. The Trustee's claims are barred, in whole or in part, as a result of oral and/or written modifications to or terminations the contract(s) at issue (if any).

## FIFTEENTH DEFENSE

38. The Trustee's claims are barred, in whole or in part, by the doctrines of waiver and estoppel.

NY1327348.1
221186-10004

## SIXTEENTH DEFENSE

39. The Trustee's claims are barred, in whole or in part, by the Debtors' consent to or approval, authorization or ratification of the acts and/or transactions about which the Trustee complains.

## SEVENTEENTH DEFENSE

40. Any agreement by Defendants to pay the amounts sought by the Trustee were unconscionable at the time there were made and therefore are unenforceable. In the alternative, application of any such unconscionable agreement should be limited so as to avoid an unduly oppressive result.

## EIGHTEENTH DEFENSE

41. Any agreement by Defendants to pay the amounts sought by the Trustee were induced by fraud and therefore are unenforceable.

## NINETEENTH DEFENSE

42. The Trustee's claims are barred, in whole or in part, by the Debtors' commission of fraud.

## TWENTIETH DEFENSE

43. To the extent the Trustee's claims are based upon, or deemed based upon, claims for breach of contract or other, similar concept, such claims are barred by the doctrines of failure of consideration, breach of consideration, impossibility of performance, frustration of purpose, interference with performance, and/or by the doctrine of accord and satisfaction.

## TWENTY-FIRST DEFENSE

44. The Trustee's claims are barred, in whole or in part, by applicable statutes of limitation or repose.

NY1327348.1
221186-10004

## TWENTY-SECOND DEFENSE

45. The Trustee's claims are barred, in whole or in part, by the doctrines of *in pari delicto*, unclean hands and the *Wagoner* rule, because the acts of the Debtors and their agents and representatives are imputed to the Trustee.

## TWENTY-THIRD DEFENSE

46. The Trustee's claims are barred, in whole or in part, by the doctrine of laches.

## TWENTY-FOURTH DEFENSE

47. The Trustee's claims are barred, in whole or in part, by the doctrine of *res judicata*.

## TWENTY-FIFTH DEFENSE

48. The Trustee's claims are barred, in whole or in part, by the doctrines of collateral estoppel and/or issue preclusion.

## TWENTY-SIXTH DEFENSE

49. The Trustee's claims are barred, in whole or in part, to the extent the claims were released by the Debtors.

## TWENTY-SEVENTH DEFENSE

50. The claims against Defendants fail for insufficient process and insufficient service of process.

## TWENTY-EIGHTH DEFENSE

51. The Trustee's claims fail because they improperly aggregate claims against both Defendants that are owed (if at all) by only one defendant.

## TWENTY-NINTH DEFENSE

52. Any recovery by the Trustee is subject to credits, set-off and/or recoupment.

10

## THIRTIETH DEFENSE

53. Defendants adopt and incorporate by reference any and all other defenses asserted or to be asserted by any other defendant or party-in-interest in similar adversary proceedings brought by the Trustee in the Debtors' case to the extent that such defenses may be applicable to Defendants.

## THIRTY-FIRST DEFENSE

54. The Trustee's claims are barred, in whole and/or in part, because the enforcement of relief alleged against Defendants, would be unconscionable and a violation of public policy.

## THIRTY-SECOND DEFENSE

55. The Trustee's claims against Defendants fail to the extent they seek to impose joint and several liability on Defendants, because there is no basis for such relief.

## RESERVATION OF RIGHTS

56. Defendants hereby give notice that they intend to rely upon any other defenses that may become available or appear during the pre-trial proceedings based upon evidence obtained through discovery or otherwise and hereby reserve the right to amend their answer and assert any such defenses.

## COUNTERCLAIMS AND CROSS-CLAIMS

57. Defendants expressly reserve all rights with respect to all counterclaims or cross claims that may be revealed during the course of discovery.

NY1327348.1
221186-10004

WHEREFORE, Defendants demand judgment dismissing the Complaint, with costs.

Dated: New York, New York
January 30, 2015

LOEB & LOEB LLP

By: /s/ Daniel B. Besikof
Daniel B. Besikof
345 Park Avenue
New York, NY  10154
Tel:  212-407-4000
E-mail:  dbesikof@loeb.com

*Attorneys for Defendants Broadway Video Entertainment, Inc. and Lorne Michaels*